<: Minute Order Form (06/97)

 JS-6

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James F. Holderman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 703 | **DATE** | October 10, 2003 |
| **CASE TITLE** | OCWEN FEDERAL BANK vs. PAYTON | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Pursuant to Memorandum Opinion and Order entered this day, plaintiff's motion for summary judgment is granted as to rescission and attorneys' fees and denied as to statutory damages. Defendant Ocwen's cross motion for summary judgment is granted as to its liability as a servicer. All claims against Ocwen are dismissed. Defendant U.S. Bank's motion is granted as to statutory damages and denied as to rescission and attorneys' fees. The court's grant of summary judgment in favor of plaintiff Payton entitles her to rescission and reasonable attorneys' fees against defendant U.S. Bank. Any pending motions are moot.

(11) ☒ [For further detail see order (on reverse side of/attached to) the original minute order.]

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MARTHA PAYTON, | ) | **DOCKETED** |
| Plaintiff, | ) | OCT 1 4 2003 |
| v. | ) | |
| NEW CENTURY MORTGAGE CORPORATION; OCWEN FEDERAL BANK, FSB; U.S. BANK, N.A., and JOHN DOES 1-5, | ) | No. 03 C 333 |
| Defendants. | ) | |
| OCWEN FEDERAL BANK, FSB, | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| MARTHA PAYTON, | ) | No. 03 C 703 |
| Defendant. | ) | |

MEMORANDUM OPINION AND ORDER

JAMES F. HOLDERMAN, District Judge:

On January 15, 2003, plaintiff Martha Payton ("Payton") filed a complaint in case number 03 C 333 against defendants New Century Mortgage Corporation ("New Century"), Ocwen Federal Bank, FSB ("Ocwen"), U.S. Bank, N.A. ("USB") and five "John Doe" plaintiffs alleging violations

1



of the Truth in Lending Act ("TILA"), 15 U.S.C. §1601 et seq. On January 30, 2003, Ocwen Federal Bank, FSB filed a complaint against Payton in case number 03 C 703 seeking a declaratory judgment that Payton was not entitled to rescind her mortgage loan, or that if the loan was rescinded that Ocwen should receive proper payments. On April 2, 2003, Ocwen's declaratory judgment action was reassigned to this court pursuant to Local Rule 40.4 as it was related to Payton's complaint in case number 03 C 333. Defendant New Century has since been dismissed from the case, pursuant to settlement, leaving Ocwen and USB as the sole defendants. On June 27, 2003, plaintiff Payton filed a motion for summary judgment, and defendants Ocwen and USB responded with a joint cross-motion for summary judgment. In her motion Payton requested this court to hold (1) that she should be granted summary judgment in Ocwen's declaratory action because she was entitled to rescind her loan, (2) that she is entitled to $2,000 statutory damages for defendants' failure to honor her right to rescind, and (3) that she is entitled to attorneys' fees and costs. In their response to Payton's motion, defendants Ocwen and USB requested this court to hold that Payton had no right to rescind, and that they are liable for neither statutory damages nor Payton's attorneys' fees. As will be discussed below, Payton's motion for summary judgment is granted as to Payton's right to rescind and as to reasonable attorneys' fees. This motion is denied as to statutory damages. Defendants' motion for summary judgment is granted as to the issue of Ocwen's liability and statutory damages and denied as to plaintiff's right to rescind and reasonable attorneys' fees.

## STATEMENT OF FACTS

Plaintiff Martha Payton is a 76-year-old individual who resides in Evanston, Illinois. On January 18, 2002, Payton obtained a mortgage loan from New Century. In connection with this loan

Payton was given various documents. The single fact in dispute relates to these documents. Payton claims she was given blank Notices of Right to Cancel. Defendants Ocwen and USB claim that Payton was given properly completed Notices of Right to Cancel. It is undisputed that Ocwen's loan file for Payton contains properly completed Notices of Right to Cancel. Another undisputed fact is that Payton was charged a $111 fee, itemized in the disclosure statement as "Government Recording and Transfer Charges," and that only $61.50 of that fee was actually paid to the government.

At the closing, Payton was given a notice informing her that the servicing of the loan was being transferred to Ocwen. During 2002, Payton missed one or more mortgage payments. Ocwen refused to accept any further payments and determined to foreclose. A foreclosure action was in fact filed against Payton. On December 23, 2002, Payton gave notice by a letter mailed to Ocwen that she was rescinding her loan. No letter of rescission giving notice directly to USB was mailed. On March 16, 2003, Payton paid-off the loan that is the subject of this litigation by refinancing with another company.

## STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." All evidence must be viewed in the light most favorable to the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). However, inferences in favor of the nonmoving party must be legitimate and justifiable. Id. This court's function is not to weigh evidence or make credibility determinations, but to determine whether there is an issue for

3

trial. Id. A party who bears the burden of proof on a particular issue, however, may not rest on its pleadings, but must affirmatively demonstrate, by specific factual allegations, that there is a genuine issue of material fact that requires trial. Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986).

## ANALYSIS

Payton has moved for summary judgment against the remaining defendants claiming they committed a violation of TILA by refusing to honor her right of rescission. Ocwen's original declaratory action and Ocwen and USB's cross-motion for summary judgment ask this court to rule that Payton has no right to rescind, or in the alternative that they are not liable for attorneys' fees and statutory damages. Thus, this court must determine whether Payton should be granted summary judgment on the issue of rescission, and then what liability the defendants bear for any refusal to honor plaintiff's request for rescission.

I. Payton's Right to Rescind

TILA clearly gives a consumer the right to rescind a loan against a creditor within three days of the "consummation of the transaction." 15 U.S.C. § 1635(a). Furthermore, the right to rescind extends to three years if "the required notice or material disclosures are not delivered." 12 C.F.R. § 226.23(a)(3). The "notice" that is required to be given to the consumer is two "copies of the notice of the right to rescind." 12 C.F.R. § 226.23(b)(1). This notice is required to be on a separate piece of paper and it must contain the date the rescission period ends. 12 C.F.R. § 226.23(b)(1), (b)(1)(v). The "material disclosures" that must be delivered "mean[] the required disclosures of the annual percentage rate, [and] the finance charge." 12 C.F.R. § 226.23(a)(3) n. 48. If a consumer has the right to rescind against a creditor, the right will also apply to any assignees of that creditor. 15

4

U.S.C. § 1641(c).

As a preliminary matter defendants have argued that Payton cannot rescind a loan that has been refinanced. Payton refinanced her loan after her request for rescission was refused by Ocwen. The Seventh Circuit has not yet addressed the issue of whether refinancing a loan precludes rescission. The judges of this district are split on the issue. Judges Bucklo and Leinenweber, following the only circuit court to address this issue in a published opinion,[1] King v. California, 784 F.2d 910, 913 (9th Cir. 1986), have held that refinancing a loan may preclude a claim for rescission. Jenkins v. Mercantile Mortgage Co., 231 F. Supp. 2d 737, 745-46 (N.D. Ill. 2002) (Bucklo, J.); Coleman v. Equicredit Corp., 2002 WL 88750, at *2 (N.D. Ill. Jan. 22, 2002) (Leinenweber, J.). More recently, Judge Plunkett has held that refinancing a loan does not preclude rescission. Pulphus v. Sullivan, 2003 WL 1964333, at * 13-14 (N.D. Ill. Apr. 28, 2003) (Plunkett, J.). Given the absence of statutory or regulatory language of such a requirement, and the absence of analysis by the Ninth Circuit in King, this court agrees with the courts which have held refinancing does not bar a suit for rescission. See McIntosh v. Irwin Union Bank and Trust, 215 F.R.D. 26, 31 (D. Mass. 2003).

Payton asserts two grounds for her claim that she is entitled to rescind her loan. First, Payton asserts that she was given Notice of Right to Cancel forms that contain a blank where the deadline date for rescission should be. She supports this assertion with an affidavit and copies of the blank forms. (Pl.'s 56.1(a) Stmt., Exs. A and 1-2.) The failure to provide two completed copies of the notice of the right to rescind is a basis for rescission. 12 C.F.R. § 226.23(b)(1). Defendants,

---

[1]The Court of Appeals for the District of Columbia addressed this issue in an unpublished opinion. Duren v. First Gov't Mortgage and Investors Corp., 221 F.3d 195, 2000 WL 816042, at *2 (D.C. Cir. 2000) (noting that "we disagree with [Appellees] contention that the refinancing of the 1994 loan rendered unavailable TILA's statutory rescission remedy, notwithstanding the Ninth Circuit's terse suggestion to the contrary in *King*.").

5

however, deny that Payton received blank forms and support that denial with an affidavit from an Ocwen employee that asserts Ocwen has in its loan file for Payton properly completed Notices of Right to Cancel signed by Payton (Defs.' 56.1(a) Stmt., Ex. D). Furthermore defendants have submitted these completed and signed Notices of Right to Cancel as an exhibit. (Defs.' 56.1(a) Stmt., Ex. H).

TILA is a disclosure statute that requires the creditor to "provide . . . appropriate forms." 15 U.S.C. § 1635(a). The material fact therefore is whether Payton received the properly completed forms. Although defendants have not brought this to the attention of the court, TILA has a provision that creates a rebuttable presumption of delivery of required documents when there is "written acknowledgment of receipt of any disclosures required." 15 U.S.C. § 1635(c). While this provision was likely enacted for the benefit of borrowers, it does not necessarily preclude reliance by creditors and assignees. See In re Rhoades, 80 B.R. 938, 941 (Bankr. C.D. Ill. 1987). Viewing these facts in the light most favorable to the defendants, this court finds that there exists a dispute of fact as to the issue of whether Payton was given blank Notice of Right to Cancel forms. See Rowland v. Novus Fin Corp., 949 F. Supp. 1447, 1459-60 (D. Ha. 1996) (finding a material issue of fact when plaintiff produced blank Notices of Right to Cancel and defendant produced signed, complete Notices of Right to Cancel). If her blank copies of the forms were Payton's only asserted basis for rescission, this finding would preclude a grant of summary judgment in her favor. However, Payton asserts a second undisputed violation as a basis for the extended right to rescind.

The second ground Payton asserts for rescission is that the finance charge for her loan was understated by at least $35. She supports this contention with her disclosure statement from New Century which lists the sum of $111 for "Government Recording and Transfer Charges (Pl.'s 56.1(a)

6

Stmt., Ex. 5), a form indicating that only $61.50 was actually paid to record the mortgage (Pl.'s 56.1(a) Stmt., Ex. F), and, finally, a check from the mortgage broker attempting to return, after the present suit was filed, a $41 overcharge (Pl.'s 56.1(a) Stmt., Ex. G). Defendants deny that the finance charge was understated on the basis that the $111 fee was a recording fee excluded from the finance charge (Defs.' 56.1(b) Resp. ¶ 17), but do not otherwise dispute Payton's version of the facts. Thus, it is undisputed that Payton paid $111 at her closing for purported "Government Recording and Transfer Charges," and that only $61.50 of that sum was actually paid to the government. Furthermore, after the initiation of Payton's lawsuit the mortgage broker involved in Payton's closing, American Capital Mortgage, attempted to return $41 of this overcharge.

First, a consumer has the right to rescind a credit transaction for up to three years if material disclosures are not given. 15 U.S.C. § 1635 and 12 C.F.R. § 226.23(a)(3). Material disclosures include the finance charge. 15 U.S.C. § 1602(u) and 12 C.F.R. § 226.23(a)(3) n. 48. The finance charge is defined as "the sum of all charges, payable directly or indirectly by the person to whom the credit is extended, and imposed directly or indirectly by the creditor as an incident to the extension of credit." 15 U.S.C. § 1605(a). Charges imposed by a third party, such as a settlement agent, are finance charges if the creditor requires the charge or the service resulting in the charge, or if the creditor retains a portion of the charge. 15 U.S.C. § 1605(a). Charges imposed by mortgage brokers "are finance charges even if the creditor does not require the consumer to use a mortgage broker and even if the creditor does not retain any portion of the charge." 12 C.F.R. § 226.4(a)(3). Furthermore, "for the purposes of exercising any rescission rights after the initiation of any judicial or nonjudicial foreclosure process," as occurred in this case (Defs.' 56.1(b) Resp. ¶13), a finance charge is not accurate if it varies from the amount required to be disclosed by more than $35. 15 U.S.C. §

7

1635(i)(2).

Second, the overcharge of the recording fees is not specifically exempted from inclusion in the finance charge by TILA. While defendants do not point to any specific exemption that would remove the disputed "Government Recording and Transfer Charges" amount from the finance charge, § 1605(d)(1) specifically exempts "fees and charges prescribed by law which actually are or will be paid to public officials." This provision, however, does not help the defendants. It is undisputed that $49.50 of the $111 fee denoted as a government charge was not paid to the government. Thus, this overcharge cannot be saved from inclusion in the finance charge.

Third, plaintiff alleges and defendants admit that the mortgage broker attempted to return $41 of this overcharge. (Defs.' 56.1(b) Stmt. ¶ 18). TILA is clear that any fee paid by the borrower to a mortgage broker must be included in the finance charge. It is unreasonable to infer that in a commercial setting a mortgage broker would seek to return part of a fee to a borrower that was not initially received by the mortgage broker from the borrower. Thus, this court finds that a mortgage broker fee, which was not exempted from disclosure and was in excess of $35, was charged to Payton and not disclosed in the finance charge.

The failure to include this amount in the disclosed finance charge gives rise to an extended right of rescission because the true finance charge is a material fact that must be disclosed. Therefore, Payton's motion for summary judgment is granted and defendants' is denied on the issue of Payton's right of rescission.

II. <u>Defendants' Liability</u>

Now that this court has determined Payton has a right to rescind her loan, it must be determined what liability, if any, the defendants Ocwen and USB share.

8

A creditor's liability regarding rescission is relatively straightforward: "any creditor who fails to comply with any requirement imposed under this part, including any requirement under section 1635 of this title . . . is liable." 15 U.S.C. § 1640(a). Thus, the statute clearly contemplates liability for failure to comply with the procedures for rescission laid out in § 1635. A creditor, however "is the person to whom the debt arising from the consumer credit transaction is initially payable." 15 U.S.C. § 1602(f). All parties agree that neither Ocwen nor USB fits the definition of a creditor. Payton alleges that both defendants are liable as assignees, and that assignees are liable for statutory damages and attorneys' fees for refusing a proper request for rescission. The defendants concede that USB is an assignee (Defs.' 56.1(a) Stmt. ¶7), but dispute an assignee's liability and further argue that Ocwen is a servicer and not an assignee. The distinction between a servicer and an assignee is important because TILA clearly does not allow liability to be assessed upon a mere servicer. This court will now turn to the question of whether Ocwen is a servicer, and then decide the extent of USB's liability to Payton.

A. Whether Ocwen is a Servicer or Assignee

TILA expressly disclaims any liability for mere servicers "unless the servicer is or was the owner of the obligation." 15 U.S.C. § 1641(f)(1). Furthermore, a servicer is not to be treated as an assignee for purposes of liability under TILA "on the basis of an assignment of [an] obligation from the creditor or another assignee to the servicer solely for the administrative convenience of the servicer in servicing the obligation." 15 U.S.C. § 1641(f)(2). For the definition of a servicer, TILA refers to 12 U.S.C. § 2605(i)(2), which states: "The term 'servicer' means the person responsible for servicing of a loan (including the person who makes or holds a loan if such person also services that loan)." From the foregoing, it is clear that for liability purposes the crux of the matter is ownership.

However, nowhere does Payton provide evidence that Ocwen is or was the owner of the loan, even though she is required to do so to survive defendants' motion for summary judgment. See Celotex Corp., 474 U.S. at 2554. Payton, in fact, "does not dispute that Ocwen has never owned Payton's loan." (Pl's 56.1(b) Stmt. ¶ 5.) Nevertheless, Payton continues to assert that liability against Ocwen can be maintained because Ocwen "has an interest" in the loan. (Id.) A servicer obviously has an "interest" in a loan – an interest in servicing the loan. Nevertheless, the fact remains that the interest that counts is ownership because this is what the statute says. Because plaintiff Payton submits no evidence on an element that is essential to her case, defendants' motion for summary judgment in favor of Ocwen is granted. Thus, all claims against Ocwen are dismissed.

B. USB's Liability as an Assignee

USB has two arguments remaining to support the conclusion that it bears no liability notwithstanding a determination that Payton's loan was subject to rescission. First, USB argues that it was never given TILA's required notice of Payton's election to rescind her loan. See 12 C.F.R. § 226.23(a)(2) (requiring the borrower to "notify the creditor of the rescission by mail, telegram or other means of written communication."). Payton argues that the notice sent to Ocwen was sufficient notice for USB, or that the actual filing of the complaint naming USB as a defendant was itself sufficient notice to USB.

In support of its position, USB cites Miguel v. Country Funding Corp., 309 F.3d 1161, 1165 (9th Cir. 2002) in which the Ninth Circuit refused to allow a plaintiff leave to amend her complaint after the expiration of the statute of limitations for the purpose of substituting the loan holder in place of the servicer. In doing so, the court noted that "no authority supports the position that notice to [the servicing agent] should suffice for notice to the Bank." Id. This court, however, finds

persuasive the cases not relevant to the decision in Miguel that decide the filing of a complaint bearing the loan holder's name as defendant is sufficient to satisfy TILA's requirement for notice. See Taylor v. Domestic Remodeling Inc., 97 F.3d 96, 100 (5th Cir. 1996) (repudiating any previous holding to the contrary in James v. Homes Constr. Co., 621 F.2d 727, 731 (5th Cir. 1980)); Pulphus, 2003 WL at * 13; Fairbanks Capital Corp., 225 F. Supp. 2d at 913-14; Elliot v. ITT Corp., 764 F. Supp. 102, 105-06 (N.D. Ill. Mar. 15, 1991). Under this line of cases the filing of the complaint naming USB as a defendant provided notice sufficient to satisfy TILA. Therefore, the court need not address the issue of whether notice to a servicer is sufficient under TILA to put the loan holder on notice.

The main thrust of USB's cross-motion for summary judgment is that while TILA requires an assignee to rescind a loan that could have been rescinded against a creditor, TILA also prohibits the imposition of attorneys' fees or statutory damages upon an assignee. TILA makes clear that any violation by the creditor of its rescission duties imposed by § 1635 results in liability: "Except as otherwise provided in this section, any creditor who fails to comply with any requirement imposed under this part, including any requirement under section 1635 of this title . . . with respect to any person is liable to such person . . . ." 15 U.S.C. §1640(a). Thus, it is clear that a creditor violating § 1635 can be liable for statutory damages. See also 15 U.S.C. § 1635(g). USB seizes upon the presence of "creditor" and absence of "assignee" in § 1640(a) to argue that TILA does not under any circumstances contemplate liability for an assignee who fails to take the voluntary steps to rescind the transaction as required by § 1635. To further support this position, USB points out that § 1641, titled "Liability of assignees" specifically limits an assignee's liability:

11

> Except as otherwise specifically provided in this subchapter, any civil action for a violation of this subchapter . . . which may be brought against a creditor may be maintained against any assignee of such creditor only if the violation for which such action or proceeding is brought is apparent on the face of the disclosure statement . . . .

15 U.S.C. § 1641(a). Thus, according to USB, these sections which differentiate between the liability of a creditor and assignee make clear that an assignee has no liability for failing to properly respond to a request for rescission. At least one court has agreed with this position. Brodo v. Bankers Trust Co., 847 F. Supp. 353, 358-59 (E.D. Penn. 1994) ("Neither § 1641 nor any other section provides for a statutory penalty or an award of attorney's fees to a plaintiff should an assignee fail to respond to a valid rescission notice."). In the alternative, USB argues that even if this court finds that TILA contemplates some assignee liability for failure to comply with a request for rescission that liability must still be consistent with § 1641(a) and therefore limited to instances where it is apparent from looking at the disclosure statement that the consumer will have the right to rescind. Furthermore, USB asserts without contradiction from Payton that the basis for rescission in this case is not apparent on the face of the disclosure statement.

Payton responds by arguing that Brodo and USB are incorrect because § 1641(a) allows greater liability for an assignee where "specifically provided." According to Payton, liability for an assignee's violation of § 1635 is "specifically provided" for in §1641(c), titled "Right of rescission by consumer unaffected," which states: "Any consumer who has the right to rescind a transaction under section 1635 of this title may rescind the transaction as against any assignee of the obligation." 15 U.S.C. § 1641(c). According to Payton, the presence of § 1641(c) stands for the proposition that any claim for rescission against a creditor, including statutory damages and attorneys' fees, may also

12

be brought against the assignee regardless of §1641(a)'s requirement that violations be apparent on the face of the disclosure statement. Payton finds support in Fairbanks Capital Corp. v. Jenkins, 225 F. Supp. 2d 910, 915-17 (N.D. Ill. 2002), where Judge Kennelly respectfully disagreed with the Brodo court's conclusion that rescission is the sole remedy available against an assignee. However, Judge Kennelly expressly declined to rule on whether statutory damages is a possible remedy. Id. At 917.

This court finds that TILA does not allow the imposition of statutory damages upon USB in this case.[2] The statute clearly limits an assignee's liability to violations that are apparent on the face of the disclosure statement except where otherwise specifically provided. A plain reading of § 1641(c) makes clear that the right to rescind remains against an assignee regardless of any limitation in 1641(a). A plain reading of 1641(c) does not necessarily lead to the conclusion that this provision was meant to specifically provide for statutory damages against an assignee. Congress has created a general rule in 1641(a) that assignees are not liable when they are neither responsible nor on notice of a creditor's violation. Overcoming this general rule requires a specific provision from Congress. Section 1641(c) does not specifically provide for statutory damages against an assignee, and, therefore, this court will not impose statutory damages upon USB under that section absent clearer Congressional direction. Thus, because Payton has not proved that USB violated § 1641(a) or any other TILA provision providing for statutory damages, this court grants USB's motion for summary judgment on the issue of statutory damages.

Payton also asserts that she is entitled to attorneys' fees. In Fairbanks Capital Corp., Judge

---

[2]This finding obviates the need to address defendants' argument that when rescission is disputed statutory damages cannot be awarded until a loan holder continues to violate § 1635's requirements after a judicial determination that rescission is appropriate.

Kennelly did address this issue, and found that:

> the text of § 1640(a) itself indicates that attorney's fees, at least, are available from an assignee, and not just from the originating creditor, for violating a consumer's right to rescind. Section 1640(a)(3) provides that "in the case of any successful action to enforce the foregoing liability *or in any action in which a person is determined to have a right of rescission under section 1635 of this title*, the costs of the action, together with a reasonable attorney's fee as determined by the court" is available. 15 U.S.C. § 1640(a)(3) (emphasis added). Congress' use of the disjunctive indicates that liability for attorney's fees, at least, is not limited to actions against the creditor that initiated the loan but rather applies in "any action" in which a right to rescind is determined to exist.

225 F. Supp. 2d at 916-17. This court agrees with Judge Kennelly that a consumer who takes judicial action to establish a right to rescind can recover attorneys' fees from an assignee. Section 1641(a) works to limits an assignee's liability except where Congress specifically provides otherwise. Section 1640(a)(3) specifically provides for attorneys' fees against an assignee: "in the case of any successful action to enforce the foregoing liability or in any action in which a person is determined to have a right of rescission under section 1635 of this title, the costs of the action, together with a reasonable attorneys' fee as determined by the court [is available]." 15 U.S.C. 1640(a)(3). A plain reading of the phrase "any action" includes an action against an assignee. This court also agrees with Judge Kennelly that "denying a consumer whose demand for rescission was refused by an assignee the ability to recover attorneys' fees upon successful court action to enforce her TILA rights would undermine the policies underlying the TILA and its private enforcement mechanisms." Fairbanks Capital Corp., 225 F. Supp. 2d. at 917.

The plain language of the statute and the policy behind TILA make clear that attorneys' fees are to be provided in "any action," including one against an assignee, "in which a person is determined to have a right of rescission under section 1635 of this title." § 1640(a)(3). Therefore,

14

because Payton is entitled to rescind her loan against USB she is also entitled to recover reasonable attorneys' fees.

## CONCLUSION

For the foregoing reasons, plaintiff's motion is granted as to rescission and attorneys' fees and denied as to statutory damages. Ocwen's motion is granted as to its liability as a servicer. All claims against Ocwen are therefore dismissed. USB's motion is granted as to statutory damages and denied as to rescission and attorneys' fees. The court's grant of summary judgment in favor of Payton entitles her to rescission and reasonable attorneys' fees against USB. Any pending motions are moot.

ENTER:

JAMES F. HOLDERMAN
United States District Judge

DATE: October 10, 2003

# United States District Court
## Northern District of Illinois
### Eastern Division

| | |
|---|---|
| OCWEN FEDERAL BANK | JUDGMENT IN A CIVIL CASE |
| v. | Case Number: 03 C 703 |
| PAYTON | |

☐ Jury Verdict. This action came before the Court for a trial by jury. The issues have been tried and the jury rendered its verdict.

■ Decision by Court. This action came to trial or hearing before the Court. The issues have been tried or heard and a decision has been rendered.

IT IS HEREBY ORDERED AND ADJUDGED that plaintiff's motion for summary judgment is granted as to rescission and attorneys' fees and denied as to statutory damages. Defendant Ocwen's cross motion for summary judgment is granted as to its liability as a servicer. All claims against Ocwen are dismissed. Defendant U.S. Bank's motion is granted as to statutory damages and denied as to rescission and attorneys' fees. The court's grant of summary judgment in favor of plaintiff Payton entitles her to rescission and reasonable attorneys' fees against defendant U.S. Bank. Any pending motions are moot. This action is dismissed in its entirety.

Michael W. Dobbins, Clerk of Court

Date: 10/10/2003

J. Smith, Deputy Clerk